Mr. Justice Clayton
delivered the opinion of the court.
This is an information, in the nature of a quo warranto, filed against the Planters Bank, in the circuit court of Adams county.
The fifth replication to the plea of the defendants, in substance, recites the act of the 21st of February, 1840, requiring the several banks in this state to pay specie and for other purposes, which enacted, that from and after the 1st of January, 1841, all the banks and moneyed corporations in the state were required to resume specie payments upon all their notes, and other liabilities of every description then due. That large amounts of the notes of the bank had been put in circulation by said defendants before the 1st of March, 1841, the time when said act went into operation, and were then due and unpaid, and that said defendants did on said day, and at other times since, neglect and refuse, on demand being made at their counter, in the city of Natchez, in business hours, to redeem in specie the notes issued by said defendants, and then due and payable.
To this replication the defendants filed a demurrer, which was overruled by the court, and upon their refusal to file a rejoinder, a final judgment was given against them.
The opinion in the case of the Commercial Bank of Natchez v. The State,* settles the principles which govern this. The *178 act of 1840, above referred to, is merely affirmatory of the common law. See State of Ohio v. Commercial Bank Cincinnati, 10 Ohio, 539. It creates no new causes of forfeiture; for, at common law, the failure to comply with a material condition of the charter, either express or implied, was a ground of forfeiture. Of this character is the failure of a bank to redeem in specie the notes which it has put into circulation. When it fails to do this, it ceases to discharge the obligation imposed upon it by its creation, and to answer the ends for which it was instituted, and unless there be some express exemption extended to it for such failure, the state may resume its grant. e very ingenious argument'of counsel, in this cause, in which it is attempted to prove that banks are but trustees, and not subject to the rules of the common law, in regard to corporations, cannot, in our view, be sustained, at any rate to the extent to which it is here pushed.
We have reviewed the decision* of this court, in regard to the effect of the two acts of 1843 and 1844, and we can see no reason to change the opinion then delivered.
The judgment is affirmed. _

 Commercial Bank of Natchez v. The State, 6 S. & M. 599.

 Planters Bank v. The State, 6 S. & M. 628.